JOHN L. THOMAS, complainant-appellant,

*v.*

JULIAN HILLMAN et al., defendants-respondents.

While an exception or a proviso may in some peculiar instances have the practical effect of enlarging by explaining an otherwise ambiguous restrictive covenant or one of doubtful meaning, its ordinary province is to limit or detract from, rather than to enlarge, the scope of the covenant to which it is attached.

———

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll.

*100 N. J. Eq.*        Thomas *v.* Hillman.

*Messrs. Endicott & Endicott (Mr. Allen B. Endicott, Jr.,* of counsel), for the complainant-appellant.

*Messrs. Cole & Cole,* for the defendants-respondents.

The opinion of the court was delivered by

WHITE, J.

Defendants owned four contiguous building lots, each approximately thirty feet front by seventy-one feet in depth, which according to the original neighborhood plot or plan all front on Ventnor avenue, in the city of Ventnor; two of them, however, being corner lots extending in depth along Washington avenue and along Swarthmore avenue respectively, and all four of them abutting with their rear lines upon the side lines of lots fronting on Washington avenue and on Swarthmore avenue respectively, one of which latter lots, namely, the one fronting on Washington avenue, belongs to the complainant.

The restrictive covenant, alleged but not very clearly proved to constitute a neighborhood scheme, provides:

"That no building shall at any time be erected nearer than twelve feet of the front property line of any street or avenue, nor within three feet of the side property line of any street or avenue, on any corner lot, except where a party may own two or more contiguous lots, then, a building may be erected on any part of the lot or lots the owner thereof may desire, without regard to intervening line or lines, provided same is not built within three feet of the outside line of the said lots, nor within twelve feet of the front property line thereof."

Upon each of their four lots defendants have erected a dwelling house, concededly in conformity with the covenant restrictions, and have also erected within three inches of the rear line of each of their two pairs of lots a pair of garages, each garage of each pair separated from the other by a party wall the centre line of which coincides with the dividing line between that pair of lots. The end of one of these four garages is approximately eleven feet from Washington ave-

nue, and the end of another a like distance from Swarthmore avenue, and all four of them are much more than the prescribed twelve feet from the street, Ventnor avenue, upon which the lots front.

The bill which prays a mandatory injunction for the removal of all of these garages as violative of the restrictive covenant above quoted was dismissed by the court of chancery on advice of Vice-Chancellor Ingersoll, and we think properly so dismissed.

The scope of the restriction seems to be defined by the first clause of the covenant, which clause provides: "That no building shall be erected within twelve feet of the front property line of any street or avenue, nor within three feet of any side property line of any street or avenue, on any corner lot." Clearly the garages do not violate either of these inhibitions. They are more than twelve feet from the street, Ventnor avenue, upon which the lots front, and the two which are on the two corner lots are more than three feet from the side line of any street or avenue. It is urged, however, that the scope of the covenant is enlarged by the exception thereto and the proviso attached to such exception, forming the remainder of the restrictive clause, so that while the restrictive covenant did not prohibit building within three feet of the rear lines of defendants' lots, the exception and its accompanying proviso, as it is contended, did have that effect. This contention is contrary to the general rule, which is, that while an exception or a proviso may in some peculiar instances have the practical effect of enlarging by explaining an otherwise ambiguous restrictive covenant or one of doubtful meaning, its ordinary province is to limit or detract from, rather than to enlarge, the scope of the covenant to which it is attached.

We think the exception and proviso here involved clearly fall within this general rule in so far as these rear lines are concerned, and that they do not create as to those lines a restriction not contained in the covenant itself. The proviso to the exception was, we think, intended to preserve, and must be taken to have the effect of preserving, as against

the effect of the exception, the restriction as to the outside lines indicated by the covenant itself, and not as to outside lines, namely, the rear lines, not included in the provisions of that covenant.

The contention that the garages are violative of the covenant in that they are each within three feet of the dividing lines separating defendants' lots from each other is clearly without merit. Assuming, but not deciding, that the effect of this very crudely drawn covenant as possibly explained by the proviso accompanying its exception, is to prohibit building within three feet of the side lines separating from each other lots fronting on the same street, the express language of the exception, namely, "except where a party may own two or more contiguous lots, then a building may be erected on any part of the lot or lots the owner thereof may desire, without regard to intervening line or lines," clearly withdraws the alleged violation here contended for, from the operation of the covenant. The suggestion that the proviso should be interpreted as completely nullifying the purpose and provision of the exception, as it would do if this contention should prevail, is of course absurd.

For the reasons above stated the decree of the court of chancery is affirmed, with costs, in favor of respondents.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.